**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mya Noelia Fallon,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-19-04704-PHX-MTL<br><br>**ORDER** |

At issue is the Court's June 25, 2020 Order (Doc. 18, Order) regarding Plaintiff Mya Fallon's Application for supplemental security income benefits (SSIB) under the Social Security Act (the Act). The Order reversed the July 25, 2018 decision of the Administrative Law Judge (Doc. 12, R. at 33) denying Plaintiff's application for benefits and remanded the case to the Social Security Administration for further proceedings. (Order at 8.) Plaintiff filed a Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (Doc. 20, Mot.), to which Defendant Social Security Commissioner filed a Response (Doc. 21, Resp.). The Court now denies the motion and remands for further proceedings.

**I.     BACKGROUND**

On August 31, 2015, Plaintiff filed an application for SSIB under Title XVI of the Act. Plaintiff's application was denied initially on December 4, 2015, and upon reconsideration on May 2, 2016. After a hearing on March 7, 2018, an administrative law judge (ALJ) denied Plaintiff's claims. On May 13, 2019, the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's July 25, 2018 decision the final

decision of the Commissioner. On July 12, 2019, Plaintiff commenced this action in which she asked the court to find that she was entitled to disability benefits. Plaintiff argued that the ALJ erred in evaluating her claim by: (1) misevaluating the medical opinions in the record; (2) improperly rejecting Plaintiff's symptom testimony; and (3) improperly rejecting lay witness testimony. (Doc. 15 at 1.)

The Court agreed with Plaintiff and reversed the ALJ's decision; judgment remanding the matter for further administrative proceedings was entered on June 25, 2020. The Court found that substantial evidence did not support the ALJ's decision to discount the functional limitations documented in the opinions of examiners Catherine O'Connell, Ph.D., and Michael Rabara, Psy.D. (Order at 4-5.) The Court found that the ALJ appropriately rejected the opinions of Plaintiff's treating physician, Dr. Joseph Drazkowski, and Licensed Professional Counselor Terry Galler. The Court made no finding that the ALJ inappropriately considered and weighted the opinions of Shauna Sukey Haley, Psy. D., Jonathan Zuess, M.D., and Jamie Bludworth, Ph.D., all of whom found Plaintiff's impairments less limiting than Drs. O'Connell and Rabara.

The Court also found error with the ALJ's rejection of Plaintiff's symptom testimony due to its purported inconsistency with the medical evidence and with the ALJ's rejection of lay witness testimony. (Order at 6-7.) The Court took issue with the ALJ's failure to make specific findings that Plaintiff's activities of daily living evidenced non-disability. (*Id.*) The Court also found that the ALJ's reasoning for rejecting the third-party function reports from Plaintiff's family members for possible bias was insufficient and in error. (Order at 7.)

Pursuant to Rule 59(e), Fed. R. Civ. P Plaintiff now moves to alter or amend the judgment, arguing that the court committed clear error by (1) failing to analyze what remedy—remand for benefits or remand for further proceedings—was appropriate, and (2) concluding that remand for further proceedings was the correct course of action.

///

///

## II. LEGAL STANDARD

Rule 59(e), Fed. R. Civ. P. provides that a party may move for an amendment to a judgment within 28 days its entry. A Rule 59(e) motion may be granted if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). "[A]mending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly.'" *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)).

## III. CREDIT-AS-TRUE ANALYSIS

There has been a split in the Ninth Circuit whether the credit-as-true rule is mandatory or discretionary. *Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009). The credit-as-true rule only applies in "rare circumstances"—the ordinary rule is remand for additional investigation or explanation. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1102 (9th Cir. 2014). Three elements must be met for the Court to be able to properly exercise its discretion to remand for benefits. *Id.* at 1100-01. First, the Court must determine that the ALJ made a legal error, such as failing "to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, the Court must determine whether "the record has been fully developed whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Id.* at 1101 (internal quotations omitted). The record must be free from conflict or ambiguity, with "all essential factual issues . . . resolved." *Id.* And third, the Court must find that "the record, taken as a whole, leaves 'not the slightest uncertainty'" that the ALJ would be required to find the claimant disabled if the improperly rejected evidence was taken as true. *Id.* If all three elements of the test are met, the Court may remand for an award of benefits unless it has serious doubt that the claimant is in fact disabled. *Id.* at 1101-02. The Court "retain[s] 'flexibility' in

determining the appropriate remedy." *Garrison*, 759 F.3d at 1021.

Plaintiff argues that the Court erred in failing to analyze the ALJ's improperly rejected evidence under the "credit-as-true" rule and that Plaintiff is entitled to a remand for benefits. (Mot. at 1.) The Court agrees that a "credit-as-true" analysis should have been included in the original order, but that this procedural deficit does not amount to clear error. The Court still finds that remand for further proceedings is the appropriate course of action.

Although the ALJ erred in rejecting the opinions of Drs. O'Connell and Rabara, Plaintiff's symptom testimony, and the third-party function reports, the credit-as-true rule does not apply. There are still ambiguities to be resolved in this case, most importantly reconciling the competing medical opinions on the record and determining what true limitations are caused by Plaintiff's mental impairments.

Even if the Court credits-as-true the functional limitations suggested by the medical opinions of Drs. Rabara and O'Connell, there still exist significant conflicts among the other credited medical opinions including those of Drs. Haley, Zuess, and Bludworth, as to the extent of Plaintiff's impairments. Additionally, there is some dispute as to the ALJ's consideration of the Plaintiff's daily living activities and the subjective and third-party symptom testimony in determining Plaintiff's disability status. There are clearly outstanding issues under the credit-as-true rule that require further inquiry and development of the record. The Court agrees with the Commissioner that the Court would inappropriately act as factfinder if it were to remand for benefits without further proceedings. (*See* Resp. at 2-3.) It is up to the ALJ, not the Court, to resolve conflicts, gaps, or ambiguities in the record. *See Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995); *see also Treichler*, 775 F.3d at 1105 (citations omitted) ("These are exactly the sort of issues that should be remanded to the agency for further proceedings. Where, as in this case, an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Because the Court finds no clear error in its original decision to remand for further proceedings, alteration or amendment of the Order pursuant to Rule 59(e) is inappropriate.

The circumstances here do not justify a departure from the ordinary remand rule and the Court maintains that it is necessary to remand for further administrative proceedings.

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Alter or Amend Judgment (Doc. 20) is denied.

**IT IS FURTHER ORDERED** that the case shall remained closed.

Dated this 31st day of August, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge